UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
　　　　　　　　　　　　　　　　　　　　　|
JANICE PRESSLEY　　　　　　　　　　　　　|
　　　　　　　　　　　　　　　　　　　　　|
　　　　　　　　　　　　　　　　　　　　　|
　　　　　　　Plaintiff,　　　　　　　　　|
　　　　　　　　　　　　　　　　　　　　　|　　NOT FOR PUBLICATION
　　　-against-　　　　　　　　　　　　　　|　　**MEMORANDUM & ORDER**
　　　　　　　　　　　　　　　　　　　　　|
　　　　　　　　　　　　　　　　　　　　　|　　04-CV-3476 (CBA)
NORTHEASTERN CONFERENCE of　　　　　　　　|
SEVENTH-DAY ADVENTISTS, et al.　　　　　　|
　　　　　　　　　　　　　　　　　　　　　|
　　　　　　　Defendants.　　　　　　　　 |
　　　　　　　　　　　　　　　　　　　　　|
--------------------------------------------------------X
AMON, UNITED STATES DISTRICT JUDGE

　　　　Defendant Northeastern Conference of Seventh-Day Adventists ("NCSDA") has filed a motion for judgment on the pleadings, requesting that we dismiss the complaint of Plaintiff Janice Pressley for failure to exhaust her administrative remedies and for failure to file this action within the applicable statute of limitations. On July 15, 1998, Pressley's employment with NCSDA was terminated. Pressley filed suit in this Court on August 12, 2004, alleging federal claims pursuant to the Americans with Disabilities Act of 1991 ("ADA"), 42 U.S.C. § 12101 et al., and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794 et al., as well as state law claims of constructive discharge, breach of contract, breach of the duty of good faith and fair dealing, and intentional infliction of emotional distress. For the reasons set forth below, the Court dismiss Pressley's claims.

　　**I.　　Background**

　　　　From 1992 to July 15, 1998, Pressley was employed as a full-time cashier by NCSDA. Compl. at ¶ 8. On January 26, 1998, she was suspended without pay for a period of 30 days. Id.

1

at ¶ 20. During this time, she was informed that she would be transferred, upon return, to a position with the Northeastern Academy, a school operated by NCSDA. Id. at ¶ 21. Pressley asserts that shortly thereafter, she contacted the New York Equal Employment Opportunity Commission ("EEOC") office, believing that her job transfer constituted an act of discrimination. However, Pressley claims that "[t]he EEOC person that she spoke to . . . told her that 'EEOC does not accept charges against churches' and further that she needed to 'exhaust all internal remedies available within' [NCSDA]." Pl. Br. at 3.

In March 1998, Pressley indicated to NCSDA that she would not accept the transfer for medical reasons. Compl. at ¶ 21. NCSDA requested that she submit medical documents reflecting her inability to report to the job transfer site. Id. Pressley submitted medical documents on April 21st, but on June 11th, NCSDA notified Pressley that the medical documentation was inadequate and that if she did not submit additional information or report to the job transfer site, she would be terminated as of July 15, 1998. Id. Pressley did not submit additional information, nor did she report to the job transfer site. As a result, she was terminated on July 15, 1998. Id.

On November 22, 2000, Pressley filed a pro se complaint in the District Court for the District of Columbia, alleging "wrongful employment termination," "sex discrimination," "racial discrimination," and "civil rights violations," among other claims. Janice Pressley v. Nat'l Credit Union Admin. Bd., No. 1:00cv02846 (D.D.C. filed Nov. 22, 2000). On January 29, 2001, NCSDA filed a motion to dismiss in this lawsuit. In this motion to dismiss, NCSDA argued that Pressley's claims were barred for failure to exhaust her administrative remedies. In particular, NCSDA argues that any claim of "sex discrimination" would be predicated upon an alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and that in order

to file such a suit in federal court, Pressley must first file a charge with the EEOC and must obtain a right-to-sue letter from that agency. NCSDA argued that Pressley's failure to do so barred her claims. NCSDA further noted that an EEOC charge must be filed within 180 days of the alleged wrongful act and that Pressley's claims were thus untimely.

In November 2003, Pressley obtained counsel. Pl. Br. at 5. In early May, 2004, Pressley filed a charge of discrimination based on her disability condition with the New York EEOC office and requested a right to sue letter, which she received on May 13, 2004.[1] Pressley filed suit in this Court on August 12, 2004, alleging federal claims pursuant to the ADA, 42 U.S.C. § 12101 et al., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et al., as well as state law claims of constructive discharge, breach of contract, breach of the duty of good faith and fair dealing, and intentional infliction of emotional distress.

**II.     Analysis**

   **1.     Standard of Review**

Under Fed. R. Civ. P. 12(c), "[a]fter pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." In deciding a Rule 12(c) motion, "we apply the same standard as that applicable to a motion under Rule 12(b)(6),

---

[1] The parties dispute when Pressley first filed a charge of discrimination with the EEOC. Pressley's complaint and brief imply that she first filed with the EEOC "on or about May 6, 2004" and that she received a right to sue letter on May 13, 2004. Pl. Br. at 5; Compl. at ¶ 27. NCSDA argues, however, that Pressley first filed a charge of discrimination with the EEOC on April 23, 2004, and first received a right to sue letter on April 30, 2004. NCSDA claims that the May 13, 2004 letter followed a request for a second amendment to the right to sue letter. Def. Reply Br. at 3-4. A plaintiff has 90 days from the receipt of a right to sue letter in which to file suit in federal court. NCSDA argues that the current action was not timely filed, arguing that this 90-day period should run from April 30, 2004, not May 11, 2004. However, it is unnecessary to reach this issue as Pressley's claim is nonetheless time-barred for failure to timely file her charge with the EEOC. Therefore, we will take as true Pressley's claim that she filed with the EEOC in May, 2004.

accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." Burnette v. Carothers, 192 F. 3d 52, 56 (2d. Cir. 1999). A complaint should be dismissed "if it appears beyond doubt that the [nonmoving party] can prove no set of facts in support of his claim which would entitle him to relief." Patel v. Searles, 305 F. 3d 130, 135 (2d Cir. 2002). Our review "is generally limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts, 369 F.3d 212 (2d Cir. 2004) (citing Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Chambers v. Time Warner, Inc., 282 F.3d 147, 152-54 (2d Cir. 2002); Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999)). However, "we may also look to public records, including complaints filed in state court, in deciding a motion to dismiss." Id. (citing Taylor, 313 F.3d at 776; Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998)). As the filings in Pressley's first lawsuit in the District of Columbia are a matter of public record, we may consider those documents when determining whether to dismiss Pressley's complaint on the pleadings.

    **2.**    **ADA claims**

Before pursuing an action under the ADA, a plaintiff must first file a charge of discrimination with the EEOC. 42 U.S.C. § 12117, 42 U.S.C. § 2000e-5(f). A charge of discrimination must be filed within 180 days of the alleged unlawful employment practice occurred, unless there is a state agency "with authority to grant or seek relief from such practice," in which case the charge must be filed within three hundred days after the alleged unlawful employment practice occurred. 42 U.S.C. §2000e-5(f). In New York, which has such an agency, a charge of discrimination must be filed with the EEOC within 300 days. Butts v.

4

City of New York Dept. of Hous., Pres. and Dev., 990 F.2d 1397, 1401 (2d Cir. 1993). As Pressley was terminated on July 15, 1998, she had until April 11, 1999 to file her claim with the EEOC. However, Pressley did not file her EEOC complaint until May 2004, almost five years from the date of her termination, and more than four years beyond the 300-day time limit.

Pressley claims, however, that her ADA claims are not time-barred because the doctrine of equitable tolling should apply. In particular, Pressley claims that she did not timely file her EEOC complaint because when she first approached EEOC in late January or early February of 1998, she was informed by an EEOC employee that "EEOC does not accept charges against churches" and that she needed to "exhaust all internal remedies available within [NCSDA]." Pl. Br. at 3. Although "[f]ederal courts have typically extended equitable relief only sparingly[,]" equitable tolling has been allowed "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veteran Affairs,, 498 U.S. 89, 96 (1990). Equitable tolling may also be appropriate when the plaintiff "was prevented in some extraordinary way from exercising [her] rights." Miller v. IT&T Corp., 755 F . 2d 20, 24 (2d Cir. 1985) (citing Smith v. Am. Pres. Lines, Ltd., 571 F.2d 102, 109 (2d Cir. 1978)). However, equitable tolling is only proper when the plaintiff "acted with reasonable diligence during the time period she seeks to have tolled." Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74 (2d Cir. 2003) (quoting Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002)).

In the instant case, it is clear that Pressley is not entitled to equitable tolling. First of all, presuming Pressley's allegations regarding the information provided by the EEOC employee are

true, it is not clear that misinformation provided by the EEOC is grounds for equitable tolling. However, even if we were to assume that Pressley was prevented in some "extraordinary" way from filing her claim with the EEOC, Pressley would not be entitled to equitable tolling, as she failed to act with reasonable diligence during the four years that passed between the expiration of the 300-day time limit and May 2004, when she filed her claim with the EEOC.

First of all, Pressley waited until November 22, 2000, almost nineteen months after the expiration of the 300-day time limit, to file any law suit or other legal claim. Pressley asserts that during this time she "followed the directive of the EEOC employee and actively pursued a fair resolution of her claims internally until it became clear that such efforts were futile." Pl. Br. at 8. That is, after her termination, Pressley attempted to seek resolution within the organization of the Seventh-Day Adventist Church by writing to the Secretary of the General Conference of Seventh-Day Adventists and the Secretary of the Atlantic Union Conference ("AUC") regarding her dismissal. Pressley Aff. at 4-5. Further, Pressley claims that she requested an arbitration hearing from the AUC in February 2000, but that the AUC never scheduled such a conference. Id. Finally, in November 2000, Pressley filed suit against NCSDA in the District Court for the District of Columbia.

Even presuming that Pressley's actions leading up to the filing of the initial lawsuit in the District of Columbia constituted reasonable diligence, however, Pressley failed to continue to act with reasonable diligence thereafter. As early as January 29, 2001, when NCSDA filed a motion to dismiss in the D.C. lawsuit, Pressley was informed that she may have to file a claim with EEOC in order to pursue employment discrimination claims. In this motion to dismiss, NCSDA argued that Pressley's claims were barred for failure to exhaust her administrative remedies. NCSDA argued that filing an EEOC charge was mandatory prior to initiating a Title VII

discrimination suit in federal court and that Pressley's failure to file a charge with the EEOC rendered her cause of action untimely. However, Pressley did not file a claim with the EEOC until May 2004, three and a half years later. Even if the 300-day period had not begin to run until Pressley was informed through the D.C. lawsuit that she may have to file a claim with EEOC in order to pursue employment discrimination claims, Pressley's claim would still be time-barred by over two years. In short, Pressley failed to act with reasonable diligence once she was informed that she was required to file a claim with the EEOC. Thus, equitable tolling is not appropriate, and Pressley's ADA claims are time-barred.

### 3. Rehabilitation Act claims

NCSDA argues that Pressley's Rehabilitation Act claims are subject to the same EEOC exhaustion requirements as her ADA claims and that since she did not file a complaint with the EEOC within 300 days, they must be dismissed. However, we need not reach this issue, as Pressley's Rehabilitation Act claims are subject to a three-year statute of limitations. Harris v. City of New York, 186 F.3d 243 (2d Cir. 1999). Pressley thus had until July 15, 2001 to file such claims. Pressley did not commence her lawsuit until August 12, 2004, after the statute of limitations on her Rehabilitation Act claims had run. As such, Pressley's Rehabilitation Act claims are not timely.

### 4. State law claims

Pressley also asserts several state law causes of action in her complaint, including claims of breach of contract, breach of the duty of good faith and fair dealing, constructive discharge, and intentional infliction of emotional distress. NCSDA moves to dismiss Pressley's state law claims on the grounds that the statute of limitations on each of the claims has expired. In New York, there is a six-year statute of limitations on claims of breach of contract and breach of the

7

covenant of good faith and fair dealing.  See N.Y. C.P.L.R. § 213.  Thus, Pressley had until July 15, 2004 to file such claims.  Furthermore, there is a three-year statute of limitations on claims of constructive discharge, see Williams v. Envtl. Def. Fund, 246 A.D.2d 644 (N.Y. App. Div. 1998), and claims of intentional infliction of emotional distress, see N.Y. C.P.L.R. § 214.  Thus, Pressley had until July 15, 2001 to file such claims.  However, Pressley did not commence her lawsuit until August 12, 2004, after the statute of limitations on each of her state law claims had run.  In her briefing to this Court, Pressley does not contest that the statute of limitations on her state law claims passed before she filed suit.  As such, the Court dismiss Pressley's state law claims.

## CONCLUSION

For the reasons set forth herein, the defendant's motion for judgment on the pleadings is granted.  The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

SO ORDERED


Dated: Brooklyn, New York
August 25, 2005


Carol Bagley Amon
United States District Judge